**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY GIBSON,

       Petitioner–Appellant,

v.

DANNY HORTON, Warden,

       Respondent–Appellee.

No. 09-6177
(D.C. No. 5:08-CV-01082-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Gregory Gibson, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. For substantially the same reasons stated by the magistrate judge and adopted by the district court, we deny a COA and dismiss the appeal.

**I**

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

In 1988, Gibson was convicted of maiming in Oklahoma state court. Gibson did not appeal that conviction and served his one-year sentence for that offense. In 1993, Gibson pled nolo contendre to trafficking in illegal narcotics after two former felony convictions. He is currently incarcerated for this 1993 conviction.

After an unsuccessful attempt to obtain state postconviction relief, Gibson filed a petition for a writ of habeas corpus under § 2254 in the United States District Court for the Western District of Oklahoma. The case was referred to a magistrate judge, who determined that the district court lacked jurisdiction over Gibson's petition. Overruling Gibson's objections, the district court adopted the magistrate's report and recommendation and dismissed the petition.

## II

Because he did not obtain a COA from the district court, Gibson may not appeal the district court's dismissal absent a grant of a COA by this court. § 2253(c)(1)(A). To obtain a COA, Gibson must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a petitioner is not entitled to a COA unless he can show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appellate court has discretion to resolve either the procedural or the substantive issue first. Id. at 485. Because Gibson

proceeds pro se, we liberally construe his application for a COA. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal courts lack jurisdiction to consider § 2254 petitions unless the petitioner is in custody pursuant to the challenged conviction when the petition is filed. Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 788 (10th Cir. 2008). In his report and recommendation, the magistrate judge found that Gibson's federal habeas petition challenged only his 1988 maiming conviction, and that Gibson was not in custody based on that conviction when he filed his petition.

Gibson did not object to the magistrate's determination that he was no longer in custody for his maiming conviction. Thus, to the extent his petition sought to challenge his maiming conviction, we are compelled to conclude that the district court lacked jurisdiction to consider the merits of his § 2254 petition. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991) ("[F]ailure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Gibson arguably objected to the magistrate's determination that he challenged only his maiming conviction. But even if we read his petition to challenge any of his other convictions, the district court's dismissal was proper. Gibson's 1993 drug trafficking offense is the sole conviction for which he was in custody when he filed this habeas action, and Gibson has already filed two habeas petitions contesting that conviction. For the district court to exercise jurisdiction over any second or successive habeas petitions, Gibson would have to first seek and receive authorization from this

- 3 -

court.  See In re Cline, 531 F.3d 1249, 1250-51 (10th Cir. 2008).  He has not done so.

Accordingly, under either construction of Gibson's petition, reasonable jurists could not

debate the district court's conclusion that it lacked jurisdiction over his case.

**III**

We therefore **DENY** a COA and **DISMISS** the appeal.  All pending motions

before this court are **DENIED.**

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge